## John E. Tuttle v. Fred. C. Hemenway.

1. FRAUD—*May be Proved by Circumstances.*—Where the circumstances surrounding a transaction are sufficient to brand it as fraudulent, the verdict of the jury finding it so will not be disturbed.

2. ESTOPPEL—*To Claim Damages by a Person who Mixes his Goods with Others Liable to Execution.*—Where an officer, with an execution against the former owner of a stock of merchandise in the possession of a purchaser who has come into such possession fraudulently, and who has added other goods to the stock and mingled them with the same, gives such purchaser an opportunity to separate and retain such goods from the common stock, which he fails to do, and the officer makes his levy upon the entire stock and proceeds to sell the same, such purchaser will be estopped from claiming damages for the taking of his goods and selling them with the rest of the merchandise.

3. SAME—*By Persons who Mix their Goods with Other Merchandise.* —Where a person mixes his own goods with others, which are subject to the levy of an execution, it is his duty to point them out to the officer having the execution, and if he fails to do so he will be estopped from afterward claiming damages from the officer for selling them.

Trespass, *de bonis asportatis.* Appeal from the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

WM. McENIRY, attorney for appellant.

ADAIR PLEASANTS, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

Appellee was sheriff of Rock Island county, and as such, received an execution against Charles H. Shields in favor of H. B. Claflin & Co., which he levied upon a stock of goods in the possession of appellant, and of which the latter claimed to be the owner by purchase from Mrs. M. Shields, Mrs. M. E. Tuttle and Everett & Carmichael.

Appellee having seized and taken possession of the stock, appellant sued him in this action of trespass for wrongfully taking the goods.

Appellee pleaded the general issue and a special plea

alleging the property in the goods to be in Charles H. Shields, and justifying under the execution. There was a trial by jury resulting in a verdict in favor of appellee upon which judgment was rendered and the plaintiff appealed to this court.

The principal ground urged for a reversal is that the verdict is contrary to the law and the evidence in the case.

The claim of H. B. Claflin & Co. was that Charles H. Shields fraudulently conveyed the stock of goods to Mrs. Shields, Mrs. Tuttle and Everett & Carmichael with the intent to hinder and delay his creditors; that if appellant purchased the goods of these alleged fraudulent vendees he did so either with notice of the fraud, or with knowledge of such facts as would put a prudent man upon inquiry.

It appears from the evidence that Mrs. Shields was the mother of Charles H. Shields and lived at Danville, Illinois. Mrs. M. E. Tuttle was a sister of appellant and mother-in-law of Charles H. Shields. Appellant was a dry goods merchant in the city of Danville.

In May, 1897, Charles H. Shields and C. E. Everett came to Rock Island and leased adjoining stores, opening into each other. Shields put a stock of dry goods into his store and Everett stocked his place with clothing and furnishing goods. They opened up business at the same time; neither put up an individual sign nor had his name over his own store, but the simple sign, "The Economy," was placed over both stores. In the following month, between Saturday night and Monday morning, Shields, who was heavily indebted, suddenly disappeared, and Everett at once claimed to be the owner of the stock of dry goods, under a bill of sale running to four persons, viz., Mrs. Shields, Mrs. Tuttle, and Everett & Carmichael. Everett alone took possession, none of the others appearing in Rock Island or seeming to have any connection with the transaction whatever. The alleged sale appears to have been made in bulk, without any inventory of the stock being taken, or any other means resorted to for the purpose of ascertaining its value. The evidence shows that Everett immediately proceeded in great

haste to sell the stock at retail, at from a third to a fourth of its value, selling in fact for almost any price a purchaser was willing to pay.

While this was going on an agent or traveling man of H. B. Claflin & Co. came upon the scene and ascertaining what was being done, proceeded to hunt up Charles H. Shields and procured from him a judgment note for the amount due H. B. Claflin & Co., upon which judgment was entered, being the same judgment on which the execution was issued and afterward levied upon the stock of goods. Before the levy of the execution appellant claims to have purchased the stock of goods from Mrs. Shields, Mrs. Tuttle and Everett & Carmichael for $6,000, and he received from the four persons named, bills of sale in which the consideration is named as $6,000. Up to the time he made this alleged purchase and received the bills of sale, appellant had not been to Rock Island, had never seen the stock, and so far as the evidence shows had no personal knowledge of it whatever. Nor does it appear that any inventory was taken or other means used by appellant to ascertain the value of the goods.

He subsequently went to Rock Island and took possession of the stock, to which he made some additions, as he testifies, of about $800, and he was in possession of the goods when the execution was levied.

We do not deem it necessary to set forth and discuss in detail all the evidence bearing on the question of fraud involved in the transactions between the parties. We think the evidence was abundantly sufficient to warrant the finding of the jury on that point. In fact there are few cases in which may be found more of the familiar badges of fraud incident to transactions of this character, than appear in the evidence in this case. Neither Charles H. Shields, Mrs. Shields, Mrs. Tuttle nor Everett & Carmichael were produced as witnesses in the case. Appellant himself was sworn as a witness in his own behalf, but did not testify to having paid Mrs. Shields, Mrs. Tuttle or Everett & Carmichael one dollar for the stock; he simply planted his title

on the bills of sale and vouchsafed no other explanation of his purchase. Indeed, when, upon cross-examination, the defense sought to ascertain the facts and have him testify what he paid for the stock, objection was made in his behalf, and the evidence was excluded. Had the transaction been an honest one it is not apparent why appellant was unwilling to have the facts appear. Without discussing the question of fraud further, we repeat that in our opinion the verdict of the jury was fully warranted by the evidence.

But it is insisted that plaintiff below was at least entitled to recover for the value of the goods added to the stock by him, and which did not belong to the original Shields stock. Those additional goods had been mixed and confused with the original stock in such a way that it was not possible for the sheriff to distinguish the one class of goods from the other. It appears from the evidence that appellant was informed by the attorney for the execution creditors at the time the execution was levied, that no claim was made against the new goods, and that if he would send his attorney and have the goods identified, they should be set aside and not sold. No further demand was made for the new goods, and appellant did nothing further to have them identified and set aside. Under the circumstances we think appellant can not now complain that the new goods were sold with the remainder of the stock. He made no attempt to point out the goods or have them set aside. As found by the jury he had come into possession of the original stock fraudulently, and when he mixed the new goods therewith, he did so in a certain sense at his peril. We think his conduct has been such as to estop him from now claiming any damages for the sale of the goods. (Beaver v. Danville Shirt Co., 69 Ill. App. 320; Goetz v. Hanchett, 40 Ill. App. 206.)

We are of opinion that instruction No. 5, given for the defendant upon this point, contained a correct proposition of law and that there was no error in giving it.

It is also contended by counsel for appellant that the record shows no sufficient judgment in favor of H. B. Claf-

lin & Co. against Charles H. Shields, upon which an execution could have rightfully been issued. A careful examination of the record has satisfied us that this point is not well taken.

The further claim is made that appellant was entitled to some damages for the retention of the store, the possession of which appellee, as sheriff, took from appellant and retained until the goods were sold. It is a sufficient answer to this proposition to say that no such damages were proven upon the trial. But as we understand the evidence appellee paid rent for the premises for the time appellee occupied them, subsequent to the levy, it being paid to appellant's attorney; how much was paid does not appear, but the evidence fails to show that the amount was inadequate. Certainly there were no proofs upon this point from which the jury could have made any definite estimate of these alleged damages, if any such there were.

On a consideration of the whole case we see no good reason for reversing the judgment, and it will therefore be affirmed.